UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
P&J EMPIRE AUTO, INC, d/b/a
PAT'S TOWING,

              Plaintiff,                        **COMPLAINT**

    -against-                      **DEMANDS TRIAL BY JURY**

TOWN OF NEWBURGH, NEW YORK;         17 CIV 2234
BRUCE CAMPBELL, Chief of the Town of
Newburgh Police Department; and
DOUGLAS SCOTT, Detective, Town of
Newburgh Police Department,

              Defendants.
-------------------------------------------------------------X

        Plaintiff, by its attorneys, Robert N. Isseks and Alex Smith, complaining of the Defendants, alleges as follows:

### THE PARTIES

        1. Plaintiff P&J Empire Auto, Inc., d/b/a Pat's Towing is a corporation duly created and organized under the laws of the State of New York with its principal offices located at 5198 Route 9W, Newburgh, New York.

        2. Defendant Town of Newburgh, New York ("Town") is a municipality located in the Southern District of New York.

        3. At all times hereinafter mentioned Defendant Bruce Campbell ("Campbell") was the Chief of the Town of Newburgh Police Department and acting in such capacity during the occurrences hereinafter set forth.

4. At all times hereinafter mentioned Defendant Douglas Scott ("Scott") was a detective with the Town of Newburgh Police Department and acting in such capacity during the occurrences hereinafter set forth.

## NATURE OF ACTION AND JURISDICTION

5. This is a civil action pursuant to 42 U.S.C. §1983 seeking damages against the Defendants for committing acts under color of law which deprived the Plaintiff of the rights to freedom of speech and to petition the government for a redress of grievances secured under the First Amendment to the United States.

6. Each and all of the acts of the Defendants Campbell and Scott were done by them in their individual capacities under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the Town of Newburgh and under their authority as Chief and Detective of the Town of Newburgh Police Department. Each person is sued in his individual and official capacities.

7. Jurisdiction is conferred on this Court by 28 USC §§1331 and 1343.

8. This action is properly filed in the United States District Court for the Southern District of New York, as authorized by 28 U.S.C. §1391, inasmuch as Plaintiff's places of business are in Orange County, New York, and the Defendants are in Orange County, New York, and because the causes of action on which this action is based arose in the Southern District of New York.

## STATEMENT OF THE CLAIM

9. Plaintiff has been continuously engaged in the towing business since 1988. In addition to its principal location in the Town of Newburgh, Plaintiff has locations in Middletown, New Windsor, and Walden, New York. Plaintiff presently owns and operates 14 trucks, employs approximately 30 employees and is on the rotating tow lists of the following Orange County municipalities: Town of Cornwall, Town of New Windsor, City of Newburgh and Town of Mt. Hope. Plaintiff is also on the New York State Police's rotating tow lists in Newburgh and Montgomery.

10. Plaintiff had been on the Town of Newburgh rotating tow list for over 20 continuous years until August, 2016 when Defendants refused to renew Plaintiff's Town of Newburgh tow license. During those approximately 20-plus years Plaintiff had worked under 3 previous Town of Newburgh Police Chiefs and Plaintiff never received a single complaint from any of them.

11. All towing within the Town of Newburgh is regulated under the provisions of Chapter 170 of the Town of Newburgh Code. *See*, http://ecode360.com/9613366. The provisions of Chapter 170 pertinent to this lawsuit are as follows.

**Town Code §170-4, License required**

> No person engaged in business or offering services as a tow service in the Town shall appear on the lists provided for in §170-17 of this chapter unless a license shall have been obtained from the Town Clerk and said license shall not have been revoked or suspended. . .

**Town Code §170-15, License expiration, transfer and renewal**

Every license issued pursuant to this chapter shall expire on the first day of October following the issuance thereof, and no such license is transferable from one tow service to another. An annual license renewal, applied for at least 10 days prior to expiration of the license, will be granted upon compliance with the provisions of this chapter.

**Town Code §170-17, Licensee list; calls for assistance**

A.  The Police Department shall maintain lists of regular and heavy-duty licensees who request to appear on said lists.

B.  In the event of a motor vehicle accident, disablement, impoundment or call to the Police Department for towing assistance, except in the case of a specific request by the owner or operator, the Police Department shall notify regular licensees on said regular licensee list, on a rotating basis, that a tow is requested . . .

**Town Codes §170-18, Denial of License or Renewal**

The Town Clerk, upon advice of the Chief of Police, may in each case deny a license or license renewal to any applicant whom he shall determine to be unable or incapable of complying with the requirements of this chapter or for any of the following causes:

A.  Fraud, misrepresentation or false statements as to a material matter contained in the application for license.

B.  Revocation of a tow service license, pursuant to this chapter, of the applicant or any proprietor, partner, corporate officer, director or principal or agent of the applicant.

C.  Revocation or suspension of a tow service license issued by another municipality or governmental unit of the applicant or any proprietor, partner, corporate officer, director or principal of the applicant.

D.  Prior suspension of the applicant's previous tow service license.

E.  Failure to notify the Town Clerk, in writing, of any change in the information supplied on the applicant's previous application.

   F. Conviction of the applicant or any partner, corporate officer or principal of the applicant of a misdemeanor or felony which, in the judgment of the Town Clerk, renders the applicant unfit or undesirable to carry on the activities of a licensed tow service.

   G. Determination by the Town Clerk, after investigation and report by the Police Department, that the applicant, in his judgment, shall be an undesirable person or incapable of properly conducting a tow service business. Factors which the Town Clerk may consider but shall not be limited to in making a determination include prior arrest of the applicant or any partner, corporate officer or principal of the applicant on a misdemeanor or felony charge and a sufficient number of complaints to the Town Clerk or Police Department regarding the licensee's performance of tow services.

   H. Storage of vehicles at the premises of the licensee or a person with a financial interest in the licensee in violation of Chapter 185, Zoning, of the Code of the Town of Newburgh or violation of any other provision of the Code.

  12. Defendant Campbell became a City of Newburgh, NY police officer in or about August, 1995 and a Town of Newburgh police officer in or about May 2012.

  13. In January, 2016, Plaintiff provided a statement to the City of Newburgh Police Department as part of the Department's internal investigation into allegations that one of the local tow companies had been unlawfully influencing certain City police officers to violate the provisions of the City's towing policies and procedures. At the conclusion of that investigation one City of Newburgh police officer was suspended and another was terminated.

  14. On April 4, 2016 Campbell became Chief of the Town of Newburgh Police Department and was thereupon given final policymaking authority for the enforcement of

the provisions of Town of Newburgh Code Chapter 170 including the license renewal provisions of §170-18.

15. On or about August 5, 2016 Plaintiff duly and timely applied for the renewal of its Town of Newburgh towing license. At all times prior thereto Plaintiff had been in full compliance with the provisions of Chapter 170 of the Town Code and Defendants had no cause to withhold renewal of Plaintiff's towing license or to remove Plaintiff from the Town's tow list.

16. Nevertheless, about a week after Plaintiff submitted its application for renewal of its tow license, Town of Newburgh Police Detective Douglas Scott informed Plaintiff that, pending an investigation, Plaintiff's license would not be renewed and that Plaintiff's name would not be on the Town's tow list. Scott did not inform Plaintiff at that time of the nature of the purported investigation.

17. On or about August 15, 2016 Plaintiff telephoned Det. Scott to find out when Plaintiff's trucks would be inspected (a routine part of the license renewal process) and Scott stated that Plaintiff was under investigation for overcharging (but gave no specifics as to the nature of such overcharging) and that Plaintiff would not be restored to the tow list until the investigation was completed.

18. On or about August 17, 2016, Det. Scott came to Plaintiff's place of business in the Town of Newburgh and asked to see Plaintiff's towing log. Plaintiff complied and Scott stated that he would make a copy of the log and bring it back. Scott also indicated to Plaintiff that he thought the investigation was "political."

19. After making several subsequent requests for the return of the log, Plaintiff filed a FOIL request with the Town for the log's return and the Town responded by providing Plaintiff with a copy of the log. Despite additional requests Defendants have still not returned the original log to Plaintiff.

20. On September 14, 2016, Plaintiff telephoned Defendant Campbell to find out what was going on with the Town's investigation and refusal to renew Plaintiff's tow license. Campbell simply stated that Plaintiff would not be put on the list until the investigation was over.

21. On September 20, 2016, Plaintiff telephoned Town of Newburgh Supervisor, Gil Piaquadio and expressed the opinion that Defendant's conduct was illegal. Piaquadio agreed with Plaintiff and said he had told Campbell to hurry up the investigation.

22. On September 30, October 3 and October 25, 2016, Plaintiff telephoned Piaquadio and left messages that were never returned.

23. On November 16, 2016, Plaintiff telephoned Det. Scott concerning the Town's investigation and failure to renew Plaintiff's license and Scott stated that it was not up to him and that Plaintiff should speak with Campbell. Plaintiff then telephoned Campbell and left a message which was never returned.

24. On December 19, 2016, Plaintiff filed two FOIL requests with the Town. One of those requests asked for:

> Any and all lists or other documents setting forth towing operators eligible to be called to police initiated tow calls in the Town of Newburgh; any and all policies and procedures established by the Town of Newburgh Police Dept. for the

> establishment of lists or other documents setting forth towing operators eligible to be called to police initiated tows in the Town of Newburgh.

The other FOIL request asked for:

> Any and all documents or memoranda issued by the Town of Newburgh Police Dept. removing Pat's Towing or rejecting Pat's Towing's application and list all tows initiated by the Town of Newburgh Police Dept. from January 1, 2016 to present and whom towed by.

With the exception of the return of Plaintiff's tow log and tow list application, the Town has failed to respond to Plaintiff's FOIL requests or to provide any of the requested documents.

25. In late December, 2016, Det. Scott told Plaintiff that he thought there were enough tow companies on the Town of Newburgh's tow list and that the Town would not be adding anymore companies to the list. After that conversation, 2 tow companies – Econo Towing and 24 Hour Express Towing – were added to the Town's list.

26. On January 3, 2017, Plaintiff again telephoned Campbell and left a message which was never returned.

27. To date, Defendants have not renewed Plaintiff's tow license, have not returned Plaintiff's name to the Town's rotating tow list and have not provided Plaintiff with the nature or specifics of the "overcharging" that is supposedly being investigated.

28. Defendants' conduct as set forth above was and continues to be (1) in retaliation against Plaintiff for its having provided the aforementioned statement to the City of Newburgh Police Department, and thus for its having exercised its First Amendment rights to freedom of speech and to petition the government for a redress of

grievances, and (2) for the purpose of deterring Plaintiff and others similarly situated from providing such statements in the future.

29. As a result of the unconstitutional conduct of the Defendants as set forth above, Plaintiff has been (and continues to be) deprived of the income it would have received if its license had been renewed and if its name had not been removed from the Town's rotating tow list.

30. The acts of Defendants as set forth above constitute an ongoing, intentional policy and practice of punishing Plaintiff for the exercise of its First Amendment rights to free speech and to petition the government for a redress of grievances and of deterring Plaintiff and others from exercising such rights in the future.

31. The conduct of Defendants as set forth above has had, and continues to have, an objective chilling effect upon Plaintiff's exercise of its First Amendment rights to free speech and to petition the government for a redress of grievances in that a reasonable person in Plaintiff's position would perceive the Defendants' conduct as a threat of further punishment if he or she in the future reported wrongdoing committed by police officers or other government officials.

32. By virtue of the chilling effect which the aforementioned conduct and policy has had, and continues to have, upon Plaintiff's First Amendment rights to freedom of speech and to petition the government for a redress of grievances, as well as the First Amendment rights of others similarly situated, Plaintiff has been and continues to be irreparably injured and will suffer further irreparable injury if the Defendants' conduct is

not declared to be unconstitutional and if Defendants are not enjoined to immediately cease such conduct and directed to immediately renew Plaintiff's tow license and restore Plaintiff's name to the Town's rotating tow list.

33. The unconstitutional conduct of the individual Defendants as set forth above was performed in bad faith and with a deliberate indifference to Plaintiff's constitutional rights.

34. By virtue of the foregoing, Plaintiff is entitled to awards of compensatory damages against the Defendants.

35. By virtue of the foregoing, Plaintiff is entitled to awards of punitive damages against the individual Defendants.

36. Plaintiff does not have an adequate remedy at law and is therefore also entitled to equitable relief.

WHEREFORE, Plaintiff demands judgment against the Defendants:

1. Declaring violations of Plaintiffs' rights to freedom of speech and to petition the government for a redress of grievances guaranteed by the First Amendment to the United States Constitution;

2. Ordering Defendants to issue Petitioner a renewal of its towing license;

3. Awarding Plaintiff compensatory, consequential and punitive damages for the violations of its constitutional rights in amounts to be determined by the Court;

4. Awarding Plaintiff the reasonable costs and expenses of this action and attorneys fees; and

5. Granting Plaintiff such other and further relief as may be just.

Dated: March 21, 2017
       Middletown, New York

                                                            ROBERT N. ISSEKS, ESQ. (RI 0241)
                                                            ALEX SMITH, ESQ. (AS 5052)
                                                            6 North Street
                                                           Middletown, New York 10940
                                                           (845) 344-4322

                                                           Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
P&J EMPIRE AUTO, INC., d/b/a
PAT'S TOWING,

                Plaintiff,                          **VERIFICATION**

    -against-

TOWN OF NEWBURGH, NEW YORK;
BRUCE CAMPBELL, Chief of the Town of
Newburgh Police Department; and
DOUGLAS SCOTT, Detective, Town of
Newburgh Police Department,

                Defendants.
-----------------------------------------------------------X

    PATRICK MACIOCE, being duly sworn, deposes and says:

    That he is the President of P&J Empire Auto, Inc., Inc., d/a/a Pat's Towing, one of the parties to the action; that he has read the foregoing Complaint, and knows the content thereof; that same is true upon his personal knowledge, except as to those matters alleged on information and belief, and as to those matters he believes them to be true.

                                          _____
                                          PATRICK MACIOCE, President
                                          P&J Empire Auto, Inc., d/b/a Pat's Towing

Sworn to before me this
23 day of March, 2017

_____

EVELYN SFRAGA
Notary Public, State of New York
Qualified in Orange County
Registration No. 01SF5081547
Commission Expires July 7, 2019